629 A.2d 306

**AMERICAN AIRLINES, INC., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 31, 1993.

Decided July 23, 1993.

Ralph S. Snyder and Steve D. Shadowen, for petitioner.

Bart J. Deluca, Jr., Sr. Deputy Atty. Gen., for respondent.

Before CRAIG, President Judge, and DOYLE, PALLADINO, McGINLEY, SMITH, PELLEGRINI and FRIEDMAN, JJ.

PALLADINO, Judge.

American Airlines (Taxpayer) appeals from an order of the Board of Finance and Revenue (BFR) which sustained a decision of the Board of Appeals (Board) denying Taxpayer's request for a reassessment of Pennsylvania use tax on its purchases of food and non-alcoholic beverages for the period April 1, 1985 through January 31, 1988. We reverse.

The parties stipulated to the facts which follow. Taxpayer is a public utility engaged in providing intrastate, interstate and international passenger and freight airline service as a common carrier. In the course of providing transportation services, Taxpayer serves food and non-alcoholic beverages to its passengers while in flight. Although Taxpayer does not provide food to its passengers on all flights, it generally serves food during normal meal periods and on the comparatively longer flights.

The food purchased by Taxpayer is specifically designed for Taxpayer's use during flight. Taxpayer developed these specifications to ensure that the food is well suited for service to large numbers of people in both a limited time frame and a confined space.

Taxpayer provides transportation services and the related food and beverages to its passengers for an all inclusive price. Taxpayer does not separately charge its passengers for these items.

By letter dated December 30, 1985, the Pennsylvania Department of Revenue notified Taxpayer that effective February 1, 1986, "[m]eals and related food purchases from caterers or other suppliers for use on flights originating in Pennsylvania will be taxable on their total cost to the airline."[1] This

1. The letter also provided that "[s]oft drinks, liquor and malt beverages purchased for sale or use on flights originating in Pennsylvania will be taxable on an amount resulting from the application to such purchases

prospective change was not based on either a change in the Tax Reform Code of 1971 (Code)[2] or upon any ruling or regulation. Since the inception of sales and use tax in Pennsylvania (March 6, 1956) until January 31, 1986, all airline purchases of food and beverages were excluded from tax.

For the period April 1, 1985 through January 31, 1988, Taxpayer did not remit use tax to the Commonwealth for food and beverages which Taxpayer purchased for service to passengers during flight. On August 2, 1988, the Department issued a Notice of Assessment to Taxpayer for this period which included $286,365.39 in use tax, $40,924.83 in interest and $40,448.93 in penalties. This assessment was based on the Department's determination that food and beverages purchased by Taxpayer for service to its passengers during flight were subject to use tax.[3]

Taxpayer subsequently filed a Petition for Reassessment and Abatement of Penalties with the Board. Following a hearing, the Board sustained the assessment in its entirety. Taxpayer appealed to the BFR which sustained the Board's decision.

On appeal to this court, the primary issue presented[4] is whether food and non-alcoholic beverages furnished by Taxpayer to passengers during flight are directly used in the rendition of a public utility service, thereby qualifying for the exclusion from use tax provided in Section 201(*o* ) of the Code, 72 P.S. § 7201(*o* ).

This court previously addressed this issue in the companion case of *USAir, Inc. v. Commonwealth,* 157 Pa.Commonwealth

of the ratio between total Pennsylvania passenger miles to total domestic passenger miles by the airline during the previous calendar year."

2. Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §§ 7101–10004.

3. The assessed use tax in the amount of $286,365.39 includes $2,568.00 in taxes unrelated to food and beverages furnished to passengers by Taxpayer during flight. Taxpayer does not contest the assessment of $2,568.00.

4. Although Taxpayer asserts that its purchases of food and non-alcoholic beverages also are excluded from use tax under other provisions of the Code, our resolution of this issue makes unnecessary consideration of the other potentially applicable exclusions.

Ct. 303, 629 A.2d 300 (1993). In *USAir,* we held that the food, non-alcoholic beverages and related non-food items furnished by the taxpaying airline to passengers and crew during flight are directly used in the airline's rendition of a public utility service. We, therefore, concluded that these items are excluded from use tax under Section 201(*o* ) of the Code.

Accordingly, the order of the BFR in this matter is reversed. Because Taxpayer did not challenge on appeal to this court the assessment of use tax on non-food and related items, judgment is entered in favor of the Commonwealth and against Taxpayer in the amount of $2,568.00.

## *ORDER*

AND NOW, July 23, 1993, the order of the Board of Finance and Revenue is reversed and the Prothonotary shall enter judgment in favor of the Commonwealth and against American Airlines, Inc. in the amount of $2,568.00 unless exceptions are filed within thirty (30) days of the date of this order.

PELLEGRINI, Judge, dissenting.

I dissent for the same reasons set forth in my dissenting opinion in *USAir, Inc. v. Commonwealth of Pennsylvania,* 157 Pa.Commonwealth 303, 629 A.2d 300 (1993).